UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN ALFONSO NUNO VELASCO,<br><br>Petitioner,<br>v.<br><br>RENEE BAKER, et al.,<br><br>Respondents. | Case No. 3:13-cv-00431-MMD-VPC<br><br>ORDER |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. Before the Court are petitioner's motion for discovery (dkt. no. 17), respondents' motion to strike the petition (dkt. no. 21), and motions for extensions of time to file the amended petition and the response thereto (dkt. nos. 25 & 20).

I.   **PROCEDURAL HISTORY**

Petitioner signed his *pro se* federal habeas petition on July 23, 2013, which was received by this Court on August 12, 2013. (Dkt. no. 1-1 at 24.) On October 31, 2013, this Court granted petitioner's motion for counsel and appointed the Federal Public Defender to represent petitioner in this action. (Dkt. no. 5.) In the order appointing counsel, the Court noted that the *pro se* petition was written entirely in Spanish. The Court further found that: "It appears that, without the assistance of counsel, petitioner cannot adequately litigate this action." (Dkt. no. 5, at p. 1.)

On November 5, 2013, the Federal Public Defender's Office notified the Court of its inability to represent petitioner due to a conflict of interest. (Dkt. no. 9.) On November

12, 2013, the Court appointed CJA panel counsel Jeffrey S. Blanck, Esq., to represent petitioner in this habeas corpus proceeding. (Dkt. no. 10.) On December 5, 2013, Jeffrey S. Blank entered a notice of appearance as petitioner's counsel of record in this action. (Dkt. no. 11.)

On December 6, 2013, this Court entered a scheduling order that required counsel for petitioner to file an amended petition within ninety (90) days. (Dkt. no. 12.) The order required respondents to file a response to the amended petition within thirty (30) days of being served with the same. By order filed February 27, 2014, the Court granted petitioner's unopposed motion for an extension of time in which to file the amended petition, such that amended petition was due not later than June 4, 2014. (Dkt. no. 16.)

On June 29, 2014, petitioner filed a motion allowing him to conduct discovery in this case. (Dkt. no. 17.) Respondents have opposed petitioner's motion for discovery. (Dkt. no. 18.) Petitioner has filed a reply to the opposition. (Dkt. no. 20.)

On May 19, 2014, petitioner filed an English translation of the original petition. (Dkt. no. 19-1.) Respondents have filed a motion to strike the English translation of the original petition. (Dkt. no. 21.) Petitioner opposes respondents' motion to strike. (Dkt. no. 24.) Respondents have filed a reply to the opposition. (Dkt. no. 27.)

## II.  DISCUSSION

### A.  Petitioner's Motion for Discovery

Petitioner requests permission to conduct discovery in this case. Petitioner contends that, in order to properly formulate the grounds of the amended petition, he needs the information sought in his discovery motion. Petitioner points out that in state court, this case did not go to trial, as petitioner entered a guilty plea to second degree murder with the use of a deadly weapon. Petitioner asserts that there was sparse evidence presented in the state court justifying petitioner's guilty plea. Petitioner asserts that his counsel in the state court failed to develop evidence, and for this very reason,

///

his federal habeas counsel needs to conduct discovery in this case before filing an amended petition.

In the original habeas petition, petitioner asserts claims of ineffective assistance of counsel, violation of his due process rights to a speedy and fair trial, including the ability to confront witnesses, that his confession was obtained by coercion and threats, and actual innocence. (Dkt. nos. 19 & 19-1.)

Petitioner's motion for discovery outlines the facts, as known to him: Petitioner and his cousin Uriel Barajas-Velasco were charged in Washoe County, Nevada with the murder of Antoinette Howard, which occurred sometime between March 31, 2002, and April 1, 2002. Petitioner and co-defendant were also charged with robbery with the use of a deadly weapon, and kidnaping in the first degree. According to the State, Howard was shot at a motel in Reno, Nevada. There is other evidence that Howard was placed in the truck of a car while she was still alive and was driven to California, where she was shot in the head. A CalTrans worker found Howard's body on April 9, 2002, in a wetlands area off Highway 165 in Merced County, California. Petitioner was arrested in Fresno, California and charged in California with murder, attempted murder, assault, and discharging a firearm into an occupied vehicle. Petitioner was interviewed by detectives at the Fresno County Detention Center. A Nevada warrant was issued for petitioner on pending charges of murder, kidnaping, and armed robbery. Within the State's criminal case records, there were conflicting opinions regarding whether the proper jurisdiction of this case was California or Nevada. The Fresno County Superior Court twice refused to extradite petitioner and only did so after the issuance of a Governor's Warrant. Petitioner arrived at the Washoe County Detention Center on July 26, 2002, where he was held for 1,627 days (over four years) before his sentencing.

Petitioner seeks permission to conduct discovery of the following information:
(a) physical evidence, documents, and testing results regarding the forensic analysis of "Crime Scene 1" (motel room in Reno, Nevada) and unknown items of evidence from "Crime Scene 2" (where Howard's body was found off Highway 165 in Merced County,

California); (b) information concerning all fingerprints taken at both crime scenes; (c) information regarding Merced County Sheriff's Case No. 02-11415 in the custody of the Merced County Sheriff's Office; (d) information regarding Merced County Sheriff's Case No. 02-11415 in the custody of the Merced County Coroner's Office; (e) information regarding Fresno County Sheriff's Case Nos. 02-7823, 02-7853, 02-9853, and 01-28818; and (f) documents, physical evidence and other reports, telephone records, notes, declarations, witness statements, medical reports, test results, photographs, correspondence, e-mails and any and all other documents and evidence (including witnesses Alvaro Romero, Roseanna Saldana, and David Cerritos) relating to Case Nos. CR02-2779A and B, and CR06-0439 from the Washoe County Sheriff's Office and Reno Police Department. Petitioner also seeks permission to hire an investigator to contact and interview several witnesses.

Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. *Bracy*, 520 U.S. at 904, 909. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner *may*, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300 (emphasis added). In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in discovery. 520 U.S. at 908-09. The

Ninth Circuit, consistent with *Bracy,* and *Harris*, has held repeatedly that habeas discovery is appropriate in cases where the discovery sought might only provide support for a claim. *See, e.g., Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). Petitioner has demonstrated good cause for allowing him to conduct discovery in this habeas corpus action. Rule 6(a) of the Rules Governing Section 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997).

Respondents argue that petitioner's motion to conduct discovery is premature because an amended petition has not yet been filed. Respondents contend that petitioner has not made the required showing that the discovery sought is relevant to specific allegations in his petition, because he has not yet filed an amended petition. The Court rejects respondents' argument that petitioner's motion for discovery is premature. The interests of justice would not be served by requiring petitioner to file an amended petition before he has obtained information through discovery that he needs in order to prepare an amended petition containing all viable grounds for relief.

In opposing petitioner's motion for discovery, respondents rely, in part, on the holding in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), in which the Supreme Court ruled that the federal court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. Respondents argue that evidence which was not presented to the Nevada courts is not relevant to this Court's resolution of petitioner's federal habeas claims under *Pinholster* and, therefore, petitioner should not be allowed to engage in discovery of such information.

The Supreme Court in *Pinholster* expressly declined to decide "whether § 2254(e)(2) prohibited the District Court from holding the evidentiary hearing or whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." 131 S.Ct. 1411 n.20. The Supreme Court made no holding in *Pinholster* as to whether a district court may grant leave for discovery before it determines whether § 2254(d)(1) has been satisfied on the merits. Certainly, the

5

Supreme Court made no determination in *Pinholster* that a petitioner seeking leave for discovery under Rule 6(a) must anticipatorily demonstrate — over and above what *Bracy* requires — that the discovery sought would not place his claims in "violation" of *Pinholster*. When and if this Court reaches a merits review in this action, the Court will address to what extent *Pinholster* limits the evidence this Court considers pursuant to its review under 28 U.S.C. § 2254(d).

### B.   Respondents' Motion to Strike

Respondents have filed a motion to strike the translation of the original petition (dkt. no. 19-1) and to order petitioner to file a properly certified translation of his original petition. (Dkt. no. 21.) In his opposition, petitioner argues that respondents' motion is moot, to the extent that the amended petition will supersede the original petition, rendering it a nullity. Petitioner's counsel also indicates that he reviewed the English translation of the original petition with his client. (Dkt. no. 24 at 3.) The motion to strike is denied.

### C.   Motions for Extensions of Time

Petitioner has requested an extension of time in which to file an amended petition. (Dkt. no. 20, at p. 4.) Petitioner seeks an additional 120 days in which to file an amended petition if the Court grants his discovery motion. Respondents have filed a notice of non-opposition to petitioner's request for an extension of time. (Dkt no. 22.) Good cause appearing, petitioner's request for an extension of time is granted. The amended petition shall be filed within 120 days of the date of entry of this order.

Respondents have filed a motion for an extension of time to respond to the amended petition. (Dkt. no. 25.) Petitioner has filed a notice of non-opposition to respondents' motion for an extension. (Dkt. no. 26.) Good cause appearing, respondents' motion for an extension is granted. Respondents shall have thirty (30) days after service of an amended petition within which to answer, or otherwise respond to, the amended petition.

///

### III. CONCLUSION

It is ordered that petitioner's motion for leave to conduct discovery (dkt. no. 17) is granted.

It is further ordered that petitioner is granted leave to serve subpoenas on the custodian of records or other entity from whom documents, electronically stored information, and tangible evidence are sought.

It is further ordered that petitioner is granted leave to propound discovery requests on respondents, to the extent that documents, electronically stored information, and tangible evidence sought may be in possession, custody, or control of respondents.

It is further ordered that petitioner's request to hire an investigator to contact and interview relevant witnesses specified at page 3 of dkt. no. 17 is granted, to the extent that the investigation expenses incurred are reasonable and necessary.

It is further ordered that respondents' motion to strike the English translation of the original petition (dkt. no. 21) is denied.

It is further ordered that the certification requirements of Rules 26(c)(1) and 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26-7 apply to any and all disputes with regard to the discovery allowed in this action. The parties shall confer and endeavor in good faith to resolve any and all discovery disputes in this regard, and they shall seek Court intervention only as a last resort. All applicable discovery sanctions provided for within the Federal Rules of Civil Procedure shall apply. Any and all discovery matters in this habeas case, including any emergency discovery disputes under Local Rule 26-7(c), will be handled in this habeas case by the presiding District Judge, rather than the Magistrate Judge.

It is further ordered that petitioner's request for an extension of time to file an amended petition (dkt. no. 20 at 4) is granted.

It is further ordered that respondents' motion for an extension of time to respond to the amended petition (dkt. no. 25) is granted.

It is further ordered that petitioner shall have ninety (90) days from the date of entry of this order in which to complete the discovery authorized by this order.

It is further ordered that petitioner shall have one hundred twenty (120) days from the date of entry of this order to file an amended petition.

It is further ordered that respondents shall have thirty (30) days after service of an amended petition within which to answer, or otherwise respond to, the amended petition.

DATED THIS 27th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE