UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN ALFONSO NUNO VELASCO,<br><br>                 Petitioner,<br>v.<br><br>RENEE BAKER,<br><br>                 Respondents. | Case No. 3:13-cv-00431-MMD-VPC<br><br>ORDER |

On March 27, 2015, this Court entered an order granting petitioner leave to conduct discovery, including leave to serve subpoenas on various entities. (Dkt. no. 29.) In response, respondents filed a motion for reconsideration or, in the alternative, motion to stay discovery pending resolution of a petition for writ of mandamus in the Ninth Circuit. (Dkt. no. 30.) Having considered the motion for reconsideration and the opposition thereto, the Court shall vacate the order granting petitioner leave to conduct discovery.

The Court agrees with respondents that allowing petitioner to conduct discovery at this point in the proceedings is premature. As a threshold matter, petitioner has not presented the Court with a verified petition written in English that "specif[ies] all the grounds for relief available to [him]" and "state[s] the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; 28 U.S.C. § 2242. In the absence of a properly filed petition, the Court is required to deny petitioner's request for discovery. *See Calderon v. U.S. Dist.*

*Ct. for the N. Dist. of Cal. (Nicolaus)*, 98 F.3d 1102 (9th Cir. 1996) ("We conclude that pre-petition discovery is impermissible for at least four reasons.")

Accordingly, petitioner's motion for leave to conduct discovery (dkt. no. 17) shall be denied without prejudice. Should petitioner renew his request at a future point in these proceedings, he is reminded of the following. Habeas petitioners are not entitled to discovery as a matter of course, but only when specific allegations show reason to "believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id*. at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. Moreover, additional factors may influence whether the court grants leave to conduct discovery. *See, e.g., Sherman v. McDaniel*, 333 F. Supp. 2d 960, 969 (D. Nev. 2004) (noting that the court, in exercising its discretion under Rule 6, should take into consideration whether the claims to which petitioner's proposed discovery relates are exhausted in state court).

It is therefore ordered that respondents' motion for reconsideration (dkt. no. 30) is granted. The order entered on March 27, 2015 (dkt. no. 29) is vacated. Petitioner's motion for leave to conduct discovery (dkt. no. 17) is denied without prejudice.

It is further ordered that petitioner shall have ninety (90) days from the date of entry of this order to file a verified petition in compliance with Habeas Rule 2(c).

It is further ordered that respondents shall have forty-five (45) days after service of the petition within which to answer, or otherwise respond to, the petition.

DATED THIS 5th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE