1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                          DISTRICT OF NEVADA

10                                 * * *

11   JUAN ALFONSO NUNO VELASCO,          Case No. 3:13-cv-00431-MMD-VPC

12                      Petitioner,              ORDER
         v.
13
14   TIMOTHY FILSON,[1] *et al.*,

15                     Respondents.

16

17        Before the Court is respondents' motion to dismiss (ECF No. 51), which asks the

18   Court to dismiss portions of petitioner Nuno Velasco's amended petition for writ of habeas

19   corpus (ECF No. 47). With their motion, respondents argued that Ground 5 of the petition

20   is unexhausted and that claims in the amended petition that do not "relate back" to the

21   initial petition must be dismissed as untimely. As to the latter argument, respondents

22   claimed they were unable to identify the untimely claims without a certified translation of

23   the initial petition from Spanish to English.

24        Since the filing of the motion to dismiss, Nuno Velasco has formally abandoned

25   Ground 5. (ECF No. 65.) Thus, that issue has been resolved. He has also provided a

26   translation of his initial petition. (ECF No. 64.)

27   _____
         [1]Timothy Filson is automatically substituted for Renee Baker as the Warden of Ely
28   State Prison. Fed. R. Civ. P. 25(d).

1    Respondents now contend that certain allegations in Ground 1 and Ground 2 of

2   the amended petition do not relate back to the initial petition.[2] In *Mayle v. Felix*, 545 U.S.

3   644 (2005), the court held that an amended claim in a habeas petition relates back for

4   statute of limitations purposes only if it shares a "common core of operative facts" with

5   claims contained in the original petition. *Id.* at 663-64. The common core of operative

6   facts must not be viewed at too high a level of generality, and an "occurrence," for the

7   purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports

8   a ground for relief. *Id.* at 661.

9    In Ground 1, Nuno Velasco contends that his conviction violates his constitutional

10   rights because the state trial court did not allow him to withdraw his guilty plea.

11   Respondents point out that the amended petition includes an allegation absent from the

12   initial petition, that being, that "[p]etitioner was threatened with bodily harm if he did not

13   take the deal and pleaded guilty because he feared for his own safety, and that of his

14   family if he did not do so." (ECF No. 47 at 4.)

15    In Ground 2, Nuno Velasco claims that his convictions are unconstitutional

16   because his counsel failed to conduct an adequate investigation prior to the entry of his

17   guilty plea. Here again, respondents note that the amended petition includes additional

18   allegations not included in the initial petition, those being, "that Alvaro ("Sleepy") Romero

19   had admitted to the killing [and] that Roseana Saldana-Armstrong had material evidence

20   to exonerate him." (*Id.* at 5.)

21    With respect to both grounds, this Court concludes that the additional factual

22   allegations do not prevent the respective claim from relating back to the initial petition.

23   *See Atwood v. Schriro*, 489 F. Supp. 2d 982, 997 (D. Ariz. 2007) (citing *Woodward v.*

24   *Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001)). If, however, the new factual allegations

25   have not been developed in state court, 28 U.S.C. § 2254(e)(2) limits a district court's

26   discretion to consider new evidence unless the petitioner was diligent in attempting to

27   _____

28   [2]Nuno Velasco does not dispute that his amended petition was filed beyond the one-year limitation period under 28 U.S.C. § 2244(d). ECF No. 62.

1  develop the facts before the state court or other exceptions apply. *See Cooper-Smith v.*

2  *Palmateer*, 397 F.3d 1236, 1241 (9th Cir.2005).

3       It is therefore ordered that respondents' motion to dismiss (ECF No. 51) is denied

4  as to timeliness issue and denied as moot as to petitioner's failure to exhaust Ground 5.

5       It is further ordered that the respondents will have forty-five (45) days from the date

6  on which this order is entered to answer the remaining claims in the petition. To the extent

7  they have not done so already, respondents must comply with Rule 5 of the Rules

8  Governing Section 2254 Cases in the United States District Courts. Petitioner will have

9  forty-five (45) days from the date on which the answer is served to file a reply.

10       It is further ordered that respondents' motion for extension of time (ECF No. 63) is

11  granted *nunc pro tunc* as of October 10, 2016.

12       DATED this 2nd day of March 2017.

13

14

15  MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28